No. 68780.—Novelty Import Co., Inc. v. United States, protest 59/33338 (New York).

FORD, Judge: In this case, the protest of plaintiff is directed against the action of the collector of customs in classifying certain wire poodle dogs as manufactures of rayon or other synthetic textile under the provisions of paragraph 1312 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas.

Dec. 150, T.D. 54108, and assessing duty thereon at the rate of 25 cents per pound and 31½ per centum ad valorem.

The merchandise is claimed to be properly subject to classification as other toys, not specially provided for, within the purview of paragraph 1513 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and T.D. 52820, and as such dutiable at the rate of 35 per centum ad valorem.

The pertinent provisions of the statutes involved herein are as follows:

Paragraph 1312 of the Tariff Act of 1930, as modified by T.D. 54108:

Manufactures of filaments, fibers, yarns, or threads, of rayon or other synthetic textile, and textile products made of bands or strips (not exceeding 1 inch in width) of rayon or other synthetic textile, all the foregoing, wholly or in chief value of rayon or other synthetic textile, not specially provided for (except gill nets or netting) _____25¢ per lb. and 31½% ad val.

Paragraph 1513, as modified by T.D. 52739:

Toys, not specially provided for:

   \*       \*       \*       \*       \*       \*       \*

Other \* \* \*_____ 35% ad val.

Paragraph 1513, Tariff Act of 1930:

\* \* \* As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. \* \* \*

The record herein consists of the testimony of four witnesses called on behalf of the plaintiff and a sample of the imported merchandise received in evidence as plaintiff's exhibit 1. The four witnesses sold the imported merchandise in areas covering basically most of the geographic area of continental United States. The first witness, Mr. Thomas Donohue, testified that he sold the imported items in New York, Pennsylvania, and New Jersey to approximately 125 retail stores and had seen them displayed in the toy section; that he had actually seen the imported article purchased by parents with children; and that he had seen one of his brother's children use it for his amusement, as well as neighbors' children.

The other three witnesses testified that they sold to toy jobbers and in the instance of Mr. Colter, he had seen it used in his home and at PTA carnivals where they were used as prizes for children to win. Mr. Katcher had also seen it used in his home by his daughters, while Mr. Pressner had seen it used by his nieces.

The issue thus presented is whether or not the imported wire poodle dogs fall within the definition of toys as that term is defined in paragraph 1513, *supra*. In other words, do they consist of articles "chiefly used for the amusement of children"? In assessing duty upon the articles as a manufacture of rayon or other synthetic textile, the collector has ruled that said dogs are not articles chiefly used for the amusement of children. It is, therefore, incumbent upon plaintiff herein to establish the imported merchandise to be chiefly used for the amusement of children. The record, in our opinion, does not fulfill this burden placed upon plaintiff. The testimony of the four witnesses called on behalf of plaintiff establishes that they were sold in practically every section of the United States. However, their experience as to use, related to their own personal observation of their own or neighborhood children. Since the witnesses lived in the metropolitan area, we assume the use to which they testified was confined to said area. There is nothing inherent in the design of the article which would dedicate it to such use, as claimed by plaintiff, nor would the observation of the witnesses, who had given some of the imported articles to their children

or those of neighbors, be sufficient to establish chief use of such articles. *Baltimore & Ohio Railway Co. a/c United China & Glass Co.* v. *United States,* 30 Cust. Ct. 255, C.D. 1529.

The testimony of the four witnesses with respect to their observation of the use of the imported rayon and wire dog is extremely limited in scope and is certainly not sufficient to establish chief use throughout an adequate geographical area of the United States, as is required in such cases. *Pacific Guano & Fertilizer Co. et al.* v. *United States,* 15 Ct. Cust. Appls. 218, T.D. 42240.

The mere fact that three of the witnesses sold the imported items to toy jobbers and the other witness observed them displayed in the toy section of large stores, does not *ipso facto* make the involved merchandise toys since the merchandising medium through which articles may be sold is not always a proper criterion through which to judge the classification of an article. *United States* v. *Ignaz Strauss & Co., Inc.,* 37 CCPA 32, C.A.D. 415. Even if we could rely upon the merchandising medium, which we do not, all that could be deduced is that the imported merchandise is a toy. Such evidence is insufficient since the mere fact that an article is a toy does not satisfy the definition in paragraph 1513 which requires proof of the fact that said article is chiefly used for the amusement of children. *United States* v. *Calhoun, Robbins & Co.,* 21 CCPA 167, T.D. 46495.

On the basis of the record as made herein and following the authorities cited, we are of the opinion that plaintiff has failed to overcome the presumption of correctness attached to the classification of the collector. The protest is accordingly overruled.

Judgment will be entered accordingly.